LELIA J. BAILEY, Appellant,
v.
WINSTON-SALEM STATE UNIVERSITY, Appellee.
No. COA08-167
Court of Appeals of North Carolina
Filed November 4, 2008
This case not for publication
Appellant appears pro se.
Attorney General Roy Cooper, by Assistant Attorney General John P. Scherer II, for the State.
ELMORE, Judge.
Lelia J. Bailey (petitioner) appeals from a ruling by a Forsyth County Superior Court affirming her dismissal from employment by Winston-Salem State University (respondent). Having reviewed the Superior Court's order and the parties' arguments, we affirm the order.
Petitioner had been employed by respondent as an Administrative Assistant in its Department of Social Services for four years in fall 2005. Beginning in 2004, respondent began considering the development of an evening and weekend program; in 2005, the program was implemented. From the discussions in 2004 onward, petitioner was kept apprised of developments by Dr. Ike Okonta (petitioner's supervisor), who explained to her and the department's other employees that occasional evening work hours might be required of them if the program were implemented.
On 26 September 2005, petitioner's supervisor met with her and another assistant to inform them that one of them would need to remain in the office until 6:00pm (rather than 5:00pm) on Tuesdays and Thursdays, but that the person who stayed later could then come in later than the normal report time of 8:00am that morning or the next day. Petitioner's supervisor requested that one of them begin this coverage starting on the following day, 27 September 2005. During the meeting, petitioner repeatedly refused to make any changes to her hours. On advice of respondent's Human Resources Department, petitioner's supervisor put the request in writing and gave it to both assistants later that day; petitioner refused to sign it. Later that same day, petitioner's supervisor told the staff that petitioner would stay late both days that week  27 September and 29 September  and the other assistant would stay late the following week. On 27 September 2005, petitioner left at 5:00pm.
On 28 September 2005, petitioner's supervisor issued a written warning for her refusal to comply with his request and her insubordination. Petitioner, petitioner's supervisor, and Ms. Sharon Warren-Cook, an assistant professor of social work, then conducted a written warning conference. However, on 29 September 2005, petitioner again left at 5:00pm. On 3 October 2005, petitioner's supervisor issued a pre-dismissal conference notice to petitioner based on her insubordination. At the conference, petitioner's supervisor explained that the dismissal was based on petitioner's insubordination.
On 5 October 2005, respondent dismissed petitioner from its employ via a letter explaining the basis as unacceptable personal conduct, specifically insubordination; on 23 February 2006, petitioner requested a hearing on the matter from the Office of Administrative Hearings (OAH). A hearing was conducted by Administrative Law Judge Sammie Chess, Jr., on 26 July 2006. On 6 September 2006, an order affirming respondent's decision to dismiss petitioner was filed. Petitioner then appealed to the State Personnel Commission, which adopted the findings of fact and conclusions of law from Judge Chess's order and upheld his decision. Petitioner appealed that ruling to the Superior Court of Forsyth County. The Superior Court conducted a whole record review pursuant to N.C. Gen. Stat. § 150B-51(b) (2007) and held a hearing on 15 October 2007. Pursuant to that review, the court affirmed the decision and order of the State Personnel Commission. Petitioner appeals that ruling to this Court.
Petitioner makes two arguments based on the statutory basis for her dismissal. First, she argues that respondent violated her rights by dismissing her without first giving her two written warnings and a final warning. This argument is without merit. Aside from the fact that the record reflects that petitioner was given two written warnings  one on 27 September 2005 and one on 29 September 2005  the statute forming the basis of petitioner's dismissal clearly states that no such prior warnings are necessary. "A permanent State employee may be dismissed for (1) inadequate performance of duties or[] (2) personal conduct detrimental to State service." Leiphart v. North Carolina School of Arts, 80 N.C. App. 339, 343, 342 S.E.2d 914, 918 (1986); N.C. Gen. Stat. § 126-35 (2007). Petitioner in this case was dismissed based on insubordination, defined as "[t]he willful failure or refusal to carry out a reasonable order from an authorized supervisor." 25 N.C.A.C. 1J.0614 (2007). "Insubordination is considered unacceptable personal conduct for which any level of discipline, including dismissal, may be imposed without prior warning." Id. No prior warning is necessary in order for insubordination to form the basis of an employee's dismissal; as such, petitioner's argument on this point is overruled.
Petitioner next argues that the request made by her superior was not "a reasonable order" as required by 25 N.C.A.C. 1J.0614 (2007). Specifically, she claims that she was given only one day's notice of the change in schedule, at which point she informed her supervisor that she had a doctor's appointment and volunteer training that she could not alter or miss.
However, these claims are contradicted by testimony from Ms. Warren-Cook, who was present at each of the several meetings between petitioner and her supervisor regarding the schedule-change. Ms. Warren-Cook stated that in the meeting on 28 September, which she attended, petitioner did not mention any potential conflicts with the schedule change, but instead simply refused to comply without giving a reason. Petitioner herself testified that at no point before October  after she had missed the later hours both days  did she tell her supervisor about her doctor's appointment or her volunteer training; indeed, she testified that she did not have volunteer training scheduled for either 27 or 29 September 2005.
Petitioner argues that Ms. Warren-Cook is not a disinterested witness, but does not state why this is the case; further, the only evidence to which she points in contradiction of these statements is her own testimony, which is quite clearly not disinterested.
The remainder of petitioner's argument on this point is irrelevant, as it concentrates primarily on providing details of and commentary on her co-workers' schedules, prejudices, and personal defects. Petitioner has not shown error by the Superior Court in upholding the findings of the OAH ruling regarding her insubordination. As such, we overrule this assignment of error.
Petitioner's second argument purports to relate to the quashing of certain subpoenas. Other than the title of the argument, however, petitioner fails to mention any subpoenas, to whom they were issued, why they were quashed, or what error of law petitioner believes was committed. This argument is therefore dismissed. Because petitioner has failed to show any error in the Superior Court's order, we affirm.
Affirmed.
Judges TYSON and CALABRIA concur.
Report per Rule 30(e).